VIKAS KHANNA[1]
Attorney for the United States
DAVID V. SIMUNOVICH
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
Tel. (973) 645-2736
david.simunovich@usdoj.gov

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Petitioner*,<br><br>v.<br><br>MWW GROUP LLC d/b/a MIKEWORLDWIDE,<br><br>*Respondent*. | Civil Action No. 23-20757 |

---

BRIEF IN SUPPORT OF PETITION FOR SUMMARY ENFORCEMENT OF
CIVIL INVESTIGATIVE DEMAND

---

*On the brief:*

DAVID V. SIMUNOVICH
Assistant United States Attorney

---

[1] Acting pursuant to authority conferred by 28 U.S.C. § 515.

**TABLE OF CONTENTS**

**I. PRELIMINARY STATEMENT** ........................................................................... 1

**II. BACKGROUND** ................................................................................................... 1

    A. The Government's Investigation ..................................................................... 1

    B. The CID .......................................................................................................... 2

    C. MWW Fails to Respond to the CID ............................................................... 3

**III. ARGUMENT** ....................................................................................................... 3

    A. CID Enforcement Proceedings Should be Limited in Scope to Encourage "Expeditious" False Claims Act Investigations .......................... 5

    B. The U.S. Attorney's Office is Authorized to Conduct this Investigation and the CID Meets all Procedural Requirements ......................................... 5

    C. The CID Seeks Evidence Relevant to the Investigation ............................... 7

    D. The CID is Neither Indefinite nor Unduly Burdensome .............................. 9

**IV. CONCLUSION** .................................................................................................. 10

# **TABLE OF AUTHORITIES**

***Cases*** *Page(s)*

*Avco Corp. v. U.S. Dep't of Justice,*
  884 F.2d 621 (D.C. Cir. 1989) ............................................................................................... 3

*Dole v. Trinity Industries, Inc.,*
  904 F.2d 867 (3d Cir.), *cert. denied,* 498 U.S. 998 (1990) ........................................ 7

*EEOC v. Karuk Tribe Hous. Auth.,*
  260 F.3d 1071 (9th Cir. 2001) ............................................................................................... 8

*FDIC v. Wentz,*
  55 F.3d 905 (3d Cir. 1995) ..................................................................................................... 9

*FTC v. Invention Submission Corp.,*
  965 F.2d 1086 (D.C. Cir. 1992) ............................................................................................ 4

*FTC v. Texaco, Inc.,*
  555 F.2d 862 (D.C. Cir. 1997) ...................................................................................... 5, 8, 9

*In re EEOC,*
  709 F.2d 392 (5th Cir. 1983) ................................................................................................. 5

*In re McVane,*
  44 F.3d 1127 (2d Cir. 1995) ............................................................................................ 5, 8

*Oncology Services Corp.,*
  60 F.3d 1015 (3rd Cir. 1995) ................................................................................................ 7

*Sandsend Fin. Consultants, Ltd. v. Fed. Home Loan Bank Board,*
  878 F.2d 875 (5th Cir. 1989) ................................................................................................. 8

*SEC v. Brigadoon Scotch Distrib. Co.,*
  480 F.2d 1047 (2d Cir 1973) ................................................................................................. 9

*UMDNJ v. Corrigan,*
  347 F.3d 57 (3d Cir. 2003) ..................................................................................................... 5

*United States v. Golden Valley Elec. Ass'n,*
  689 F.3d 1108 (9th Cir. 2012) ............................................................................................... 9

*United States v. Hunton & Williams,*
  952 F. Supp. 843 (D.D.C. 1997) .......................................................................................... 8

*United States v. Markwood,*
  48 F.3d 969 (6th Cir. 1995) .................................................................................... 4, 5

*United States v. Morton Salt,*
  338 U.S. 632 (1950) ..................................................................................................... 9

*United States v. Neifert-White Co.,*
  390 U.S. 228 (1968) ..................................................................................................... 6

*United States v. Stuart,*
  489 U.S. 353 (1989) ..................................................................................................... 5

*United States v. Witmer,*
  835 F. Supp. 208 (M.D. Penn. 1993), *aff'd*, 30 F.3d 1489 (3d Cir. 1994) ................ 4

### *Statutes and Regulations*

28 CFR Appendix to Subpart Y of Part 0, Civil Division Directive 1-15 § 1(c, d) ....... 6

22 U.S.C. § 611 ................................................................................................................... 1

31 U.S.C. § 3729 ................................................................................................................. 2

31 U.S.C. § 3729(a)(1) .................................................................................................... 2, 3

31 U.S.C. § 3730 ................................................................................................................. 2

31 U.S.C. § 3731 ................................................................................................................. 2

31 U.S.C. § 3732 ................................................................................................................. 2

31 U.S.C. § 3733 ............................................................................................................. 2, 4

31 U.S.C. § 3733(j) ............................................................................................................. 4

31 U.S.C. § 3733(a)(1) .................................................................................................... 4, 6

31 U.S.C. § 3733(a)(2)(A) .................................................................................................. 6

31 U.S.C. § 3733(a)(2)(B)(i) .............................................................................................. 7

31 U.S.C. § 3733(a)(2)(B)(iii) ............................................................................................ 7

31 U.S.C. § 3733(a)(2)(C)(i) .............................................................................................. 7

31 U.S.C. § 3733(a)(2)(C)(iii) ............................................................................................ 7

31 U.S.C. § 3733(a)(2)(E) .................................................................................................. 7

## I.  PRELIMINARY STATEMENT

The United States brings this proceeding to enforce a validly-issued civil investigative demand to MWW Group, LLC d/b/a Mikeworldwide ("MWW"). Nearly three months have passed since MWW received the demand yet it has not produced a single document or responded to a single interrogatory. MWW's delay tactics are impeding a legitimate law enforcement investigation into whether MWW violated the False Claims Act when it obtained a $2 million loan under the Paycheck Protection Program ("PPP").

The United States is entitled summary enforcement of Civil Investigative Demand No. NJ-2023-020 ("the CID") because it meets the three requirements for enforcing an administrative subpoena: the CID was issued by an authorized official; it meets all procedural requirements; and it seeks evidence that is relevant to the investigation.

## II.  BACKGROUND

### A.  The Government's Investigation

MWW is a company based in New Jersey that applied for, and received, a $2 million PPP loan. Declaration of AUSA David V. Simunovich ("Simunovich Decl.") ¶¶ 3-4. When it applied for the PPP loan, MWW stated that it was not required to be registered under the Foreign Agents Registration Act of 1938, as amended ("FARA"), 22 U.S.C. § 611 *et seq.* Simunovich Decl. ¶4. At the time, however, MWW was in fact registered under FARA. *Id.* If MWW had disclosed on its PPP application that it was registered under FARA, it would have been ineligible to receive the PPP loan. *Id.*

The United States is investigating whether MWW's certification concerning its FARA status violated the False Claims Act, 31 U.S.C. §§ 3729-3733. *Id.* If MWW violated the False Claims Act, it would be liable for up to treble damages and additional civil monetary penalties. 31 U.S.C. § 3729(a)(1).

**B.   The CID**

On or about June 22, 2023, a duly-authorized official at the U.S. Attorney's Office approved the CID. *Id.* ¶ 5 & Exhibit 1. The CID was served on MWW, through counsel, on July 7, 2023. *Id.* ¶ 6.

The evidence sought by the CID is relevant and material to the Government's investigation into whether MWW knowingly made a false statement to obtain a federal PPP loan. The CID identifies the specific PPP loan at issue and directs MWW to produce documents and respond to interrogatories within 20 days of service. *Id.* Exh. 1. The document requests and interrogatories are focused on the specific issues at the center of the investigation—namely, whether MWW was eligible for a PPP loan in light of its FARA registration status and whether MWW knowingly made a false statement on its PPP loan application concerning that status. *Id.* By way of example, the CID seeks documents and answers to interrogatories concerning MWW's FARA status (*see, e.g.*, document requests 7, 11-17; interrogatories 9-14) and any guidance MWW sought or received concerning its eligibility in light of its FARA status (*see, e.g.*, document requests 5-7 and interrogatories 4-6). The CID also seeks more fundamental evidence concerning MWW's corporate structure, certain personnel files, and document retention policies (*see, e.g.*, document requests 1-3 and 18-19, and interrogatory 15).

### C. MWW Fails to Respond to the CID

Shortly after receiving the CID on July 7, 2023, MWW's counsel requested an extension of time to respond to the CID, moving the response date from July 27th to September 8th. *Id.* ¶ 8. The Government consented. *Id.*

On August 25th, MWW's counsel requested an additional extension of time, from September 8th to October 23rd. *Id.* ¶ 9. The Government agreed to the extension on the condition that MWW provide responses to five document requests and seven interrogatories by September 8th. *Id.* ¶ 8. MWW did not provide any documents or interrogatory responses by September 8th. *Id.*

On September 11th, the Government advised counsel that MWW's failure to provide any responses to the CID amounted to material noncompliance. *Id.* ¶ 10. The Government offered MWW an additional ten business days—to September 22, 2023—to cure the deficiency. *Id.*

As of the date of this submission, MWW has not furnished any documents or answers to any interrogatories in response to the CID. *Id.*

### III. ARGUMENT

The False Claims Act is "the government's primary litigative tool for the recovery of losses sustained as the result of fraud against the government." *Avco Corp. v. U.S. Dep't of Justice*, 884 F.2d 621, 622 (D.C. Cir. 1989). The FCA allows the United States to collect statutory damages and civil penalties from a person that knowingly submits, or causes to be submitted, a false or fraudulent claim for payment to the government or, in some cases, to a recipient of federal funds. 31 U.S.C. § 3729(a)(1).

The False Claims Act expressly provides for the use of civil investigative demands to obtain answers to interrogatories, documents, and testimony to assist the United States in investigating possible False Claims Act violations. 31 U.S.C. § 3733. Demands may be issued when the Attorney General or a designee "has reason to believe that any person may be in possession, custody, or control of any documentary material or information relevant to a false claims law investigation." *Id.* § 3733(a)(1). The False Claims Act also expressly allows for the enforcement of a civil investigative demand by a federal district court whenever any person fails to comply. *Id.* § 3733(j).

Courts look to three factors in determining whether a civil investigative demand is enforceable.[2] Specifically, court must ask whether (i) Congress granted the United States Attorney General (and his designees) the authority to conduct this False Claims Act investigation, (ii) the CID meets all procedural requirements, and (iii) the CID seeks evidence that is relevant and material to the United States' investigation. All three requirements have been met.

---

[2]    Courts evaluate the enforceability of civil investigative demands in the same way that they evaluate the enforceability of administrative subpoenas. *United States v. Markwood*, 48 F.3d 969, 976 (6th Cir. 1995) (finding CIDs are administrative subpoenas); *FTC v. Invention Submission Corp.*, 965 F.2d 1086, 1087 (D.C. Cir. 1992) (acknowledging that a CID issued by the Federal Trade Commission is an administrative subpoena); *United States v. Witmer*, 835 F. Supp. 208, 220 (M.D. Penn. 1993) (acknowledging that a CID issued under the FCA is an administrative subpoena), *aff'd*, 30 F.3d 1489 (3d Cir. 1994) (Table).

4

A. **CID Enforcement Proceedings Should be Limited in Scope to Encourage "Expeditious" False Claims Act Investigations**

The Court's role in reviewing a CID is "strictly limited." *UMDNJ v. Corrigan*, 347 F.3d 57, 64 (3d Cir. 2003) (quoting *FTC v. Texaco, Inc.*, 555 F.2d 862, 871-72 (D.C. Cir. 1997) (*en banc*)). Enforcement proceedings must be limited in scope to protect "the important governmental interest in the expeditious investigation of possible unlawful activity." *Markwood*, 48 F.3d at 979. The backbone of an "agency's effectiveness in carrying out [its] congressionally mandated duties . . . is the rapid exercise of the power to investigate." *Id.* (citation omitted).

To ensure the summary nature of enforcement proceedings, the government is authorized to rely on affidavits or declarations to demonstrate that the requirements for enforcement of an administrative subpoena have been satisfied. *United States v. Stuart*, 489 U.S. 353, 360 (1989); *In re McVane*, 44 F.3d 1127, 1136 (2d Cir. 1995); *In re EEOC*, 709 F.2d 392, 400 (5th Cir. 1983).

Here, the U.S. Attorney's Office has sufficiently supported its request for enforcement by submitting the Declaration of AUSA David V. Simunovich, which demonstrates that the investigation is within the scope of the Office's authority, that the CID complies with all procedural requirements, and that the requested documents are relevant to Government's investigation.

B. **The U.S. Attorney's Office is Authorized to Conduct this Investigation and the CID Meets all Procedural Requirements**

Congress granted the United States Attorneys General and their designees authority to investigate potential violations of the False Claims Act. The False Claims Act provides civil remedies to the Government against "all fraudulent

5

attempts to cause the Government to pay out sums of money." *United States v. Neifert-White Co.*, 390 U.S. 228, 233 (1968). Here, the Attorney General's designee is investigating whether MWW violated the False Claims Act by knowingly making a false statement concerning its eligibility for a $2 million PPP loan. Simunovich Decl. ¶¶4-5.

Furthermore, the "the Attorney General, or a designee" is statutorily authorized to issue civil investigative demands to investigate potential violations of the False Claims Act. 31 U.S.C. § 3733(a)(1). Consistent with § 3733(a)(2), the Attorney General delegated that authority to United States Attorneys. *See* 28 C.F.R. Appendix to Subpart Y of Part 0, Civil Division Directive 1-15 § 1(c, d). Consistent with his regulatory authority, the United States Attorney for the District of New Jersey delegated his CID-issuing authority to the Chief of the Health Care Fraud Unit (among certain others within the U.S. Attorney's Office for the District of New Jersey). Simunovich Decl. ¶ 5.

Furthermore, the CID complies with all applicable statutory requirements for CIDs seeking documentary material and answers to interrogatories. The CID "state[s] the nature of the conduct constituting the alleged violation of a false claims law which is under investigation, and the applicable provision to be violated." 31 U.S.C. § 3733(a)(2)(A); *see also* Simunovich Decl. Exh. A. More specifically, the CID states that it "is issued pursuant to the False Claims Act, 31 U.S.C.§§ 3729-3733, in the course of a False Claims Act investigation to determine whether there is or has been a violation of 31 U.S.C. § 3729." Simunovich Decl. Exh. A. The CID goes on to

6

explain that "investigation focuses on whether MWW Group LLC may have violated the False Claims Act in making false representations to obtain a loan pursuant to Paycheck Protection Program, enacted pursuant to the CARES Act, Pub. L. No. 116-136 (March 27, 2020)." *Id.*

Schedule A to the CID sets forth nineteen document requests, each of which describes with "definiteness and certainty" the materials to be produced. 31 U.S.C. § 3733(a)(2)(B)(i); *see* Simunovich Decl., Exh. A. The CID also includes fifteen interrogatories. 31 U.S.C. § 3733(a)(2)(C)(i); Simunovich Decl., Exh. A. Consistent with 31 U.S.C. § 3733(a)(2)(E), the CID prescribes a 20-day return date and identifies a False Claims Law investigator to receive MWW's responses. *Id.* § 3733(a)(2)(B)(iii), (C)(iii); *see also* Simunovich Decl., Exh. A.

In sum, the U.S. Attorney's Office has authority to conduct this False Claims Act investigation, the CID was properly authorized in furtherance of that investigation, and the CID meets all procedural requirements set forth in the 31 U.S.C. § 3733.

  **C.** **The CID seeks Evidence Relevant to the Investigation**

Information and documents demanded by a civil investigative demand must be reasonably relevant to an agency's investigation. *United States ex rel. Oncology Services Corp.*, 60 F.3d 1015, 1020 (3rd Cir. 1995) (citations omitted). "'Reasonably relevant' means merely 'that the information must be relevant to *some* (any) inquiry that the [agency] is authorized to undertake." *Id.* (quoting *Dole v. Trinity Industries, Inc.*, 904 F.2d 867, 872 (3d Cir.), *cert. denied*, 498 U.S. 998 (1990) (emphasis & alteration in original)). "So long as the material requested touches a matter under

7

investigation, an administrative subpoena will survive a challenge that the material is not relevant." *Sandsend Fin. Consultants, Ltd. v. Fed. Home Loan Bank Board*, 878 F.2d 875, 882 (5th Cir. 1989) (internal quotations omitted). Relevance is broadly interpreted in the context of enforcing administrative subpoenas. *Texaco*, 555 F.2d at 872. The agency's appraisal of relevancy must be accepted "as long as it is not 'obviously wrong.'" *United States v. Hunton & Williams*, 952 F. Supp. 843, 854 (D.D.C. 1997) (citations omitted); *see also EEOC v. Karuk Tribe Hous. Auth.*, 260 F.3d 1071, 1076 (9th Cir. 2001) ("[C]ourts must enforce administrative subpoenas unless the evidence sought by the subpoena is plainly incompetent or irrelevant to any lawful purpose of the agency." (internal quotation marks omitted)); *In re McVane*, 44 F.3d at 1135 (stating that an agency's appraisal of relevancy must be accepted so long as it is not obviously wrong).

  The Government satisfies this requirement here. The CID seeks evidence relevant to the United States' investigation into whether MWW knowingly made a false statement in its PPP application to receive a $2 million PPP loan. *See* Simunovich Decl., Exh. A. For instance, the CID seeks documents and information relevant to MWW's FARA registration and any advice it may have sought or received pertaining to its eligibility for the PPP in light of that registration (*see, e.g.*, document requests 5-7 & 11-16 and interrogatories 4-6, 9, 11-14), and other more routine, but no less important, requests (*see, e.g.*, document request 19 and interrogatory number 15 seeking information concerning MWW's document retention policy).

### D. The CID is Neither Indefinite nor Unduly Burdensome

If MWW were to object to the breadth of the CID, it would bear the burden of showing that the CID is indefinite or unduly burdensome. *See FDIC v. Wentz*, 55 F.3d 905, 908 (3d Cir. 1995) ("The subpoenaed party bears the *heavy burden* of establishing an abuse of the court's process." (emphasis added)); *see also Golden Valley*, 689 F.3d at 1115 ("A subpoena should be enforced unless the party being investigated proves the inquiry is unreasonable because it is overbroad or unduly burdensome." (internal quotations omitted)). Where the investigation "is authorized by law and the materials sought are relevant to the inquiry, that burden is not easily met." *SEC v. Brigadoon Scotch Distrib. Co.*, 480 F.2d 1047, 1056 (2d Cir 1973); *see also Wentz*, 55 F.3d at 908.

Non-compliance on the grounds of burden is justified only if "compliance threatens to unduly disrupt or seriously hinder normal operations of a business." *Texaco, Inc.*, 555 F.2d at 882. The question is not whether the demand is burdensome or broad; "[t]he question is whether the demand is *unduly* burdensome or *unreasonably* broad. Some burden on subpoenaed parties is to be expected and is necessary in furtherance of the agency's legitimate inquiry and the public interest." *Id.* (emphasis added). Moreover, to establish such a claim, the respondent must demonstrate "reasonable efforts" to "obtain reasonable conditions" from the issuing authority. *Morton Salt*, 338 U.S. at 653.

Here, MWW has not articulated—and cannot articulate—any justification for refusing to respond to the CID. Nor will MWW suffer an unreasonable burden if it is compelled to provide documents and interrogatory responses.

9

## IV.     CONCLUSION

The Government has made multiple efforts to gain MWW's voluntary compliance with the CID before resorting to judicial enforcement. Those efforts have been unsuccessful and MWW's complete failure to respond to the CID is impeding the Government's investigation. Accordingly, and for the reasons set forth above and in the accompanying Petition, the United States respectfully requests that the Court issue an order enforcing the CID and that requires MWW to produce the documents and answer the interrogatories in the CID without further delay.

Dated:  Newark, New Jersey
            September 28, 2023

                                                  Respectfully submitted,

                                                  VIKAS KHANNA[3]
                                                  Attorney for the United States

By:     */s/ David V. Simunovich*
       DAVID V. SIMUNOVICH
       Assistant United States Attorney

---

[3]     Acting pursuant to authority conferred by 28 U.S.C. § 515.